**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Civil Action No. 26-cv-04817-RMR

ALINA KUZMENKO,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
GEORGE VALDEZ, Acting Field Office Director, Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security, and
TODD BLANCHE, United States Attorney General,

Respondent.

---

# ORDER

---

Petitioner Alina Kuzmenko is a citizen of Ukraine who entered the United States in 2014. ECF No. 1 ¶¶ 1-2. She holds a Permanent Resident "green card" that expires in 2033. *Id.* ¶ 4. She was arrested, without a warrant, by Respondents' agents in March of 2026. *Id.* ¶ 6. She is currently detained at the Denver Contract Detention Facility in Aurora Colorado. *Id.* ¶ 13.

Petitioner thus filed the instant Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), seeking her immediate release. She argues that, absent a warrant, her arrest violated her constitutional rights and her rights under 8 U.S.C.

§ 1226(a). *See, e.g.*, *Id.* ¶¶ 49-51. Furthermore, she contends that her prolonged detention of over six months exceeds Respondents' powers to detain aliens. *Id.* ¶ 59.

Respondents state they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." ECF No. 5 at 1. Respondent submits that if the Court grants the Petition, "the appropriate relief would be an Order directing that Respondents, within seven days of this Order, release Petitioner from detention." *Id.* at 1-2 (emphasis in original).

Given this response, the Petition is granted. Respondents bear the burden of demonstrating that Petitioner's detention is justified. *See, e.g.*, *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024). The issuance of a warrant is "a necessary condition to justify discretionary detention under section 1226(a)." *Abdurashidov v. Valdez*, No. 26-cv-02190, 2026 WL 2122945, at *3 (D. Colo. July 23, 2026). Thus, Respondent's arrest of Petitioner without a warrant is unjustifiable, and Petitioner must be released.

**CONCLUSION**

For the reasons set forth above, IT IS ORDERED that:

1. The Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED**;
2. Respondents shall **IMMEDIATELY RELEASE** Petitioner on her own recognizance, along with all her personal belongings, without onerous conditions of release, including, without limitation, GPS monitoring, mandatory reporting, or other restrictions on her movement. Respondents shall facilitate Petitioner's

transportation from the detention facility by providing all necessary identity and travel documents to return to her primary address;

3. Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that she is a flight risk or danger to the community such that her physical custody is legally justified pursuant to 8 U.S.C § 1226(a). At any such bond hearing, Respondents shall bear the burden of proof, and Petitioner shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
4. During such periods of time as Petitioner remains in Respondents' custody, Respondents shall continue to be **ENJOINED** from removing, transferring, or causing the removal or transfer of Petitioner from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;
5. On or before **October 14, 2026**, Respondents shall file a status report certifying compliance with this Order.

DATED: October 7, 2026

BY THE COURT:

REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court